**UNITED STATES of America**

v.

**PREMISES KNOWN AS 5100 WHITAKER AVENUE, PHILADELPHIA, PENNSYLVANIA, a Parcel of Real Property and all Improvements Thereon, and all Appurtenances Thereto, Lying in Philadelphia County, Pennsylvania, said Property Being Titled to Encarnacion Guzman and Sonia Guzman, his Wife, and any and all Proceeds from the Sale of said Property.**

Civ. A. No. 89–2293.

United States District Court, E.D. Pennsylvania.

May 5, 1989.

---

Serena H. Dobson and Sarah L. Grieb, Asst. U.S. Attys., Philadelphia, Pa., for plaintiff.

Guy R. Sciolla, Philadelphia, Pa., for defendant.

## MEMORANDUM

WALDMAN, District Judge.

The United States has filed a complaint pursuant to 21 U.S.C. § 881(a)(7) seeking the forfeiture of property located at 5100 Whitaker Avenue, Philadelphia, Pennsylvania.[1] The subject property is a three-story brick building with a grocery store at street level and a residence on the upper levels. Upon the filing of the complaint, a deputy clerk of court executed a warrant for the seizure of this property. Presently before the court is the government's motion to enter the premises to inventory any items affixed to the premises and to note any hazardous conditions.

The civil forfeiture provisions of 21 U.S.C. § 881 have been the subject of much comment and criticism by courts and commentators. The seizure process employed particularly has raised substantial Fourth and Fifth Amendment questions. *See, e.g., United States v. Real Property Located at 25231 Mammoth Circle,* 659 F.Supp. 925, 927 (C.D.Cal.1987) (questioning seizure under Fourth Amendment); *United States v. 124 East North Avenue,* 651 F.Supp. 1350, 1355–56 (N.D.Ill.1987) (seizure process violated Fifth Amendment due process requirement); *United States v. $128,035 in U.S. Currency,* 628 F.Supp. 668, 671–75 (S.D.Ohio) (seizure process violated Fourth Amendment), *appeal dismissed,* 806 F.2d 262 (6th Cir.1986). *Cf. United States v. Property at 4492 South Livonia Road,* 667 F.Supp. 79, 84 (W.D.N.Y.1987) (questioning whether due process is satisfied when seizure occurs pursuant to a warrant issued "solely by a clerk without probable cause determination by judicial officer"). *See generally* Strafer, *End–Running the Fourth Amendment: Forfeiture Searches of Real Property Under Admiralty Process,* 25 American Criminal L.Rev. 59

---

1. Section 881(a)(7) provides:
   The following shall be subject to forfeiture to the United States and no property right shall exist in them:
   All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

(1987). Procedurally, the application of these provisions has created what one circuit court has called a "morass." *See U.S. v. $38,000 in U.S. Currency,* 816 F.2d 1538, 1540 (11th Cir.1987).

In this case, however, the court is faced only with the issue of what burden, if any, the government must meet in order to obtain judicial authorization to conduct an inventory search of property seized pursuant to 21 U.S.C. § 881.

In *United States v. Showalter,* 858 F.2d 149 (3d Cir.1988), the Third Circuit questioned but did not resolve whether a court can issue an order of the type sought by the government in this case without a showing of "probable cause." *Id.* at 152 n. 3. *Showalter,* however, involved a distinct set of facts and legal issues, and did not attempt or purport to resolve this issue.[2] In *United States v. Ladson,* 774 F.2d 436 (11th Cir.1985), however, a case cited by the *Showalter* Court, the Eleventh Circuit held that, absent exigent circumstances, the government cannot enter a private dwelling seized under § 881 to conduct an "inventory search" without a warrant based upon a finding of probable cause.[3] *Id.* at 439–440.

In some circumstances, an inventory search may be conducted without judicial authorization or a finding of probable

cause. *See Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *Illinois v. Lafayette,* 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Each of these cases, however, involved an inventory search of the contents of movable property after a lawful arrest based on probable cause, and not the search of a dwelling.

The factors which justify a warrantless inventory search of an impounded vehicle or confiscated article of personal property, however, are not necessarily present when such a search is conducted in a home. *See Showalter,* 858 F.2d at 153. Moreover, it is "axiomatic that the 'physical entry of [private property] is the chief evil against which the wording of the Fourth Amendment is directed.'" *Welsh v. Wisconsin,* 466 U.S. 740, 750, 104 S.Ct. 2091, 2097–98, 80 L.Ed.2d 732 (1984) (quoting *United States v. United States District Court,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972)). *See G.M. Leasing Corp. v. United States,* 429 U.S. 338, 353–54, 97 S.Ct. 619, 629–30, 50 L.Ed.2d 530 (1977) (discussing search of business office); *Showalter,* 858 F.2d at 152–53; *Ladson,* 774 F.2d at 439–40. To safeguard the sanctity of private property, the Fourth Amendment requires that except in certain carefully defined classes of cases, where the circumstances

---

**2.** The Third Circuit's decision in *United States v. Bush,* 647 F.2d 357 (3d Cir.1981), is also instructive although not dispositive. In *Bush,* Drug Enforcement Administration (DEA) agents seized the defendant's automobile pursuant to § 881(b)(4) which allows the Attorney General to seize property subject to forfeiture without process when there is "probable cause to believe that the property has been or is intended to be used in violation of this subchapter." 21 U.S.C. § 881(b)(4). The Third Circuit held that Congress intended to strengthen drug law enforcement by authorizing the warrantless seizure of property in the absence of exigent circumstances, as long as probable cause is present. *Bush,* 647 F.2d at 368, 370 n. 20. The Court relied heavily on the fact that the warrantless seizure in that case occurred on public property. *Id.* at 369, 370 n. 20. That no intrusion was made onto private property was a "critical" factor. *Id.* at 369. Moreover, the Court noted that "notwithstanding the apparent identity of the standard for a search with that for seizure, it is now clear that the test of reasonableness for a search is, in

at least certain situations, more stringent than that for a seizure." *Id.* at 369. Finally, the court emphasized that it was not deciding whether probable cause was needed to obtain process for seizure under § 881(b). *Id.* at 368 n. 14, 370 n. 20.

**3.** Arguably, *Ladson* is distinguishable because the Ladsons were tenants and the search was pursuant to a forfeiture based on the owner-landlord's drug activity. *Ladson,* 774 F.2d at 438. The Court noted that such a process there was "particularly unappealing [because] it would sanction warrantless governmental intrusions into homes of third parties unrelated to the original seizure." *Id.* at 440. The Court also stated, however, that allowing the government to search seized property without a warrant based on probable cause would "permit government agents to circumvent the safeguards [of the Fourth Amendment] in *any* case involving the seizure of real property. *Id.* (emphasis added). Thus, it is doubtful that the Court intended to limit its opinion to the facts in *Ladson.*

are such that the burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search, a search of private property cannot be conducted without a warrant. *Camara v. Municipal Court*, 387 U.S. 523, 528–29, 533, 87 S.Ct. 1727, 1730–31, 1733, 18 L.Ed.2d 930 (1967).

■■■ In this case, no exigent circumstances appear which would make the obtaining of a warrant on a showing of probable cause so burdensome that the purpose of the search would be defeated. *See, e.g., O'Connor v. Ortega*, 480 U.S. 709, 720, 107 S.Ct. 1492, 1499–1500, 94 L.Ed.2d 714 (1987); *New York v. Burger*, 482 U.S. 691, 107 S.Ct. 2636, 2648, 96 L.Ed.2d 601 (1987); *Camara*, 387 U.S. at 529–38, 87 S.Ct. at 1731–36; *Ladson*, 774 F.2d at 440.[4] Finding that the owner of a dwelling seized under § 881 has an expectation of privacy therein and that, there being no exigent circumstances, judicial authorization must be obtained to search the property, the court turns to what showing the government must make to obtain authorization to conduct an inventory of the seized premises. The burden of establishing "probable cause" to obtain a warrant varies depending upon the object and intrusiveness of the search. *Michigan v. Tyler*, 436 U.S. 499, 506, 98 S.Ct. 1942, 1948, 56 L.Ed.2d 486 (1978) (citing *Camara*, 387 U.S. at 528–29, 87 S.Ct. at 1730–31). *See Ladson* 774 F.2d at 440. Essentially, "[p]robable cause is the standard by which a particular decision to search is tested against the [Fourth Amendment's] mandate of reasonableness." *Camara*, 387 U.S. at 534, 87 S.Ct. at 1733–34. To determine whether a search is reasonable, a court must balance the nature and extent of the intrusion upon the individual's expectation of privacy against the governmental interest in conducting the search. *Tyler*, 436 U.S. at 508, 98 S.Ct. at 1949; *Camara*, 387 U.S. at 534–35, 535–36, 87 S.Ct. at 1733–34, 1734–35; *see O'Connor*, 480 U.S. at 719–22, 107 S.Ct. at 1499–1501.

Given the nature of the government's interests and objectives in conducting this type of inventory searach and the relatively limited intrusion which would result, the standard of probable cause utilized in criminal investigations seems inapplicable. *See, e.g., Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320–21, 98 S.Ct. 1816, 1824–25, 56 L.Ed.2d 305 (1978); *Camara*, 387 U.S. at 535–38, 87 S.Ct. at 1734–36. As with administrative searches, since the interests and objectives involved in an inventory search of property subject to seizure and forfeiture are different than in a criminal investigatory search, the facts justifying a finding of "probable cause" are logically different. *See Camara*, 387 U.S. at 538, 87 S.Ct. at 1735–36; *Barlow's Inc.*, 436 U.S. at 320, 98 S.Ct. at 1824; *see, e.g.*, 21 U.S.C. § 880 (authorizing administrative inspections of drug manufacturers and producers); *United States v. Acklen*, 690 F.2d 70 (6th Cir.1982) (applying § 880). *See also Tyler*, 436 U.S. at 506–08, 98 S.Ct. at 1948–49 (showing necessary to obtain warrant to investigate cause of a fire).

The government's interest in conducting an inventory search of property seized under § 881 is grounded on its right to obtain forfeiture of the property. Thus, the government at least should make a showing that probable cause exists to believe that the property in question is forfeitable. Probable cause in this context has been defined as "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *U.S.*

---

4. The court recognizes that an order based on a motion supported by an affidavit or sworn civil complaint which shows probable cause to search offers the same safeguards as a formal warrant. The court also notes, however, that applicable Department of Justice policy guidelines indicate that a conventional warrant should be obtained to conduct an inventory search of a dwelling.

The U.S. Department of Justice Asset Forfeiture Law, Practice and Policy Manual, § III(A)(1), at 32 (1987), states:

A Fourth Amendment warrant authorizing entry and confiscation is *required* when the seizure of property for forfeiture involves an intrusion into an area where there is a legitimate expectation of privacy, *even if the entry is simply for the purpose of conducting an inventory or inspection,* and there are no exigent circumstances mandating immediate action to preserve the property. (emphasis supplied).

*v. One 1979 Mercury Cougar XR–7*, 666 F.2d 228, 230 n. 3 (5th Cir.1982); *U.S. v. Banco Cafetero International*, 608 F.Supp. 1394, 1404 (S.D.N.Y.1985), *aff'd*, 797 F.2d 1154 (2nd Cir.1986).[5] In making a showing of probable cause, the government must establish a nexus between the property to be forfeited and the unlawful conduct relied upon—in this case, a use or intended use of the property to facilitate the commission of a narcotics violation. *Id.* Ordinarily, the government must make this showing at the forfeiture proceeding.

Before a court authorizes the search of a private dwelling, however, the allegations in the government's complaint at least should support an inference that the property is subject to forfeiture. Otherwise, the government could effect the search of a residence pursuant to a seizure warrant, executed by a clerk of court, and an order permitting an inventory, all based on a forfeiture complaint so deficient that it could not withstand a motion to dismiss. This is simply inconsistent with the level of protection against intrusion that the Constitution provides for private dwellings.

To obtain forfeiture, the Attorney General must obtain process issued pursuant to the Supplemental Rules of Certain Admiralty and Maritime Claims. 21 U.S.C. § 881(b). The Supplemental Rules are part of the Federal Rules of Civil Procedure and require that the government plead its case with greater specificity than that required under Rule 8(a). *United States v. 1625 S. Delaware Avenue*, 661 F.Supp. 161, 162 (E.D.Pa.1987) (citations omitted).

Specifically, in filing a civil forfeiture complaint the government must "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence investigation of the facts and to frame a responsive pleading." *Fed.R.Civ.P. E(2)(a); see United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1548 (11th Cir.1987); *United States v. $39,000 in Ca-*

*nadian Currency*, 801 F.2d 1210, 1215–19 (10th Cir.1986); *1625 S. Delaware Avenue*, 661 F.Supp. at 162 (E.D.Pa.1987) (citations omitted). The requirements of Rule E(2)(a) are more than a mere technicality; they are a means of upholding this drastic remedy against a possible due process challenge and of preventing the seizure of the defendant property for long periods of time when, in fact, the government had no claim to the property. *United States v. Pole No. 3172*, 852 F.2d 636, 638 (1st Cir.1988). The government does not have to plead its evidence, but it must allege facts which support its conclusory allegations that the defendant property is subject to forfeiture. *1625 S. Delaware Avenue*, 661 F.Supp. at 163.

■ In this case, the complaint alleges simply that the defendant property was acquired by Encarnacion and Sonia Guzman in October, 1988, that Encarnacion Guzman was indicted in February, 1989 on drug charges, and that the property "having been used, or intended to be used to commit or to facilitate the commission of a violation of federal law punishable by more than one year's imprisonment," is subject to seizure and forfeiture to the United States. Government's Complaint ¶¶ 4, 5–7. It contains absolutely no allegation connecting the alleged illegal conduct of the defendant to the property. We are told only that the property to be forfeited is owned by someone who committed a narcotics violation. The court could infer that the property was used or intended for use in this unlawful endeavor only through pure speculation or suspicion. Such averments do not satisfy the requirements of Rule E(2)(a). *See Pole No. 3172*, 852 F.2d at 635–39; *1625 S. Delaware Avenue*, 661 F.Supp. at 163. I cannot authorize an entry into a private residence, even for an inventory and search for hazardous conditions, based upon a complaint which contains no factual specificity, establishes no nexus between the alleged wrongdoing and the defendant property and, in short, fails

---

**5.** Presumably, less than "prima facie" proof means by less than a preponderance of the

evidence. *Banco Cafetero*, 797 F.2d at 1160 n. 7.

to set forth any cause or basis to believe that the property is forfeitable.

Accordingly, the government's motion is denied. An appropriate Order follows.