**UNITED STATES of America,**
**Plaintiff,**

v.

**REAL PROPERTY LOCATED AT 11211 EAST ARABIAN PARK DRIVE, SCOTTSDALE, ARIZONA, Defendant.**

**No. CV 05–0768 PHX NVW.**

United States District Court,
D. Arizona.

June 2, 2005.

Reid Charles Pixler, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff.

Hal W. Mack, Law Office of Hal W. Mack, Mesa, AZ, Thomas Abram, Abram & Meell PA, Phoenix, AZ, for Claimant.

## ORDER

WAKE, District Judge.

This is a civil *in rem* forfeiture proceeding against real property, a house, for which the United States has not yet given notice to the owners and occupants. The Government seeks an *ex parte* writ of entry "on one or more occasions ... for the purpose of conducting an inspection and inventory and appraisal of the defendant real property," to include still and video photography, accompanied by law enforcement personnel for their safety. The Government intends to serve and execute the writ of entry at the same time it gives notice of the pendency of this action. The Government also seeks an Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication. Both orders will be denied because there is no legal authority for the latter order and the showing is insufficient for a writ of entry in these circumstances.

## I. NATURE OF THE ACTION AND PROCEDURAL HISTORY

The Government's Verified Complaint seeks civil forfeiture of a house which is alleged to be proceeds traceable from money laundering (18 U.S.C. § 1956, 1957, or 1960), wire fraud (18 U.S.C. § 1956 and 1957), securities fraud (15 U.S.C. § 78), or an attempt to commit such offenses. The Verified Complaint details the alleged underlying offenses by Ira Gentry, Jr., and Randy Jenkins and fairly suggests that the money Ira Gentry used to buy the property was traceable from securities frauds and other violations concerning UniDyn Corp. shares.

With the original Complaint the Government submitted, without explanation, a form of Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication commanding the Department of Treasury to post the Notice of Com-

plaint for Forfeiture of the Real Property on the property and to deliver the Complaint to the occupant and to publish the notice pursuant to Rule C(4) of the Supplemental Rule for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The Government also submitted a form of Writ of Entry and Motion for Writ of Entry (doc. # 2), which did not state that the writ was sought *ex parte* or state any legal standard for issuance of the writ, with or without notice to the occupants.

The court set a status conference with the Government alone and inquired about the authority for issuance of the Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication. The court also inquired about the authority and the standards for issuance of an *ex parte* pre-judgment writ of entry by government officers into a residence. The Government later filed a Memo to Court Re: Forfeiture of Real Property (doc. # 6) and Motion for the Judicial Determination of Probable Cause and Issuance of an *Ex Parte* Writ 'of Entry (doc. # 7), which stated:

1. There is no statutory authorization or requirement for issuance of the Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication. "Although the Order is not technically required, it will provide the initiating agency with the formal instructions on how to proceed. Should the Court determine that the Order is unnecessary, the government will proceed with posting and publication." (Memo to the Court, p. 3.) The Government seeks that Order "as the equivalent to the issuance of the warrant of arrest *in rem*." *Id.*

2. The Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106–185, 114 Stat. 202 ("CAFRA") substantially revised forfeiture proceedings. The Government contends that 18 U.S.C. § 985(b)(2) "allows for a writ of entry" for the purpose of inspection and inventory of the property but "provides no guidance as to its proper use or scope." The Government argues from pre-CAFRA cases that a showing of probable cause that the property is subject to forfeiture is sufficient for an *ex parte* pre-judgment writ of entry. Elsewhere the Government relies on 18 U.S.C. § 983(j) as statutory basis for the writ of entry.

3. The Government submitted at the same time a Motion for the Judicial Determination of Probable Cause and Issuance of an *Ex Parte* Writ of Entry (doc. # 7) with supporting affidavit of an Internal Revenue Service special agent. The motion does not attempt to show probable cause that a crime is being committed or that evidence of a crime will be found on the premises. It contends only that the real estate, improvements, additions, fixtures, and alterations are the laundered proceeds of the offenses alleged in the Complaint and that the Government needs the inspection so that "the owner does not take any action to destroy or diminish the value of the property, and the improvements therein." The Government offers no evidence or specific reason to think that the owners will remove or damage property, citing only an unrelated instance where an owner did that.

## II. ORDER TO POST NOTICE OF COMPLAINT FOR FORFEITURE OF REAL PROPERTY AND FOR PUBLICATION

As the Government concedes, there is no statutory requirement or authorization for the court to issue the requested Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication. CAFRA sets the exclusive method of commencing a real property civil forfeiture proceeding, which is filing a complaint,

posting a notice of the complaint on the property, and serving the notice and the complaint on the property owner. 18 U.S.C. § 985(c)(1). The statute requires the posting; the court does not order it. In this case publication is not warranted as a means of constructive service under 18 U.S.C. § 985(c)(2)(C) as the owners reside in the house and are easily served.

The Government further concedes that Supplemental Rule C(3)(a), requiring the clerk of the court to "issue a summons and a warrant for the arrest of the vessel or other property," is inapplicable because "if the property is real property the United States must proceed under applicable statutory procedures," *id.*, and the posting dispenses with any need "to issue an arrest warrant in rem, or to take any other action to establish in rem jurisdiction over the property." 18 U.S.C. § 985(c)(3). The Government elsewhere suggests that an order for publication "is required in Supplemental Rule C(4)" and "this is viewed as a portion of the initiation of the civil forfeiture suit and process which is required to provide the necessary service." (Doc. # 6 at 4.) That reason for Supplemental Rule C(4) applying cannot be correct, as 18 U.S.C. § 985(c)(1) & (2) requires no publication for initiation or service of real property forfeitures except perhaps when the owner cannot be found. Moreover, Supplemental Rule C(4)'s publication requirement does not apply if the property has been released, and pursuant to 18 U.S.C. § 985(b)(1) this property has not been seized.

■ The Government requests the Order "to provide the same level of formality . . . as the equivalent to the issuance of the warrant of arrest *in rem.*" One difficulty with the Government's request is that the statute itself, as summarized above, dispenses with the formality of arrest *in rem* which the Government wishes to emulate. Another difficulty is that it is the Govern-

ment's responsibility to satisfy the statute, not the court's responsibility to adjudicate the sufficiency of the Government's intended efforts, in advance, in the absence of the owner, and to the prejudgment of a possible later challenge by the owner. Accordingly, the court will deny the request for Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication.

## III. *EX PARTE* WRIT OF ENTRY

The Government has shown probable cause that the property is subject to forfeiture. The next question is whether more than that is required for an *ex parte* order allowing entry into and inspection of the residence. The Government has not sought seizure of the property or a search warrant under Rule 41of the Federal Rules of Criminal Procedure.

### A. Statutory Authorization For Writs of Entry

The forfeiture statutes, 18 U.S.C. §§ 981 through 986, establish administrative and judicial procedures for civil and some criminal forfeitures. Administrative and civil judicial forfeitures of property other than real property are commenced by seizure or an arrest warrant *in rem.* Seizures require a warrant obtained in the same manner as a search warrant under the Federal Rules of Criminal Procedure unless a judicial arrest warrant *in rem* has issued or there is probable cause to believe that the property is subject to forfeiture and the seizure is made pursuant to a lawful arrest or search or another exception to the Fourth Amendment warrant requirement would apply. 18 U.S.C. § 981(b)(2). Real property may not be seized before entry of an order of forfeiture unless the owner has been given a meaningful opportunity to be heard or exigent circumstances justify seizure without prior notice and opportunity

to be heard. 18 U.S.C. § 985(b)(1)(A) & (d)(1). Sections 981 and 983 of Title 18, United States Code, and the Supplemental Rules have detailed protections for owners or claimants once property has been seized.

The statutes do not expressly authorize pre-seizure entry on real property for inspection and appraisal, but the contemplation of such entries in real property forfeitures appears in 18 U.S.C. § 985(b)(2). Section 985(b)(2) provides that "execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection," which prohibits seizure before entry of an order of forfeiture. Contrary to the Government's contention, this subsection does not authorize writs of entry, but it prevents any implication that such writs are prohibited.[1]

The basis for judicial authorization of writs of entry for inspection and appraisal is 18 U.S.C. § 983(j)(1), which applies to real property and other forfeitures alike

(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture—

(A) upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture; or

(B) prior to filing such a complaint, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that—

(i) there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

Entry for inspection and appraisal fairly comes within the court's authorization to "appoint ... appraisers ... or to take any other action to seize, secure, maintain, or preserve the availability of the property."

## B. Standards for *Ex Parte* Writ of Entry

The critical question is then the standard for issuance of writs of entry and *ex parte* writs in particular. The Government contends that "Section 985 [which states that execution of a writ of entry is not a seizure] provides no guidance as to its proper use or scope." However, the Government overlooks that 18 U.S.C. § 983(j), which the Government also cites as authority for the writ, imposes explicit and familiar requirements for relief before a forfei-

---

1. The Government does not have authority to enter from 19 U.S.C. § 1606, which states, "The appropriate customs officer shall determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs laws." This section is among those incorporated by 18 U.S.C. § 981(d) into the civil forfeiture statutes "insofar as they are applicable and not inconsistent with the provisions of this section." Section 1606 gives no independent authority to seize and would be inconsistent with 18 U.S.C. § 985(b)(1) if it did. Moreover, § 1606 is inapplicable to this case because it directs appraisement of "seized" property, and the property in this case has not been seized.

ture complaint is filed. Fairly read, those requirements apply to this *ex parte* application because, though this case has been filed, it does not yet meet 18 U.S.C. § 985(c)(1)'s definition of an initiated case for real property forfeiture and because, with the owner unaware of the filing and the application, this application for such remedies is no different from one sought before commencement of an action.

Section 983(j)(1)(B) permits the relief detailed in § 983(j)(1) before filing of the complaint on a standard of actual notice, substantial probability of success (not just probable cause), substantial probability of destruction, removal, or other harm to the property, and balance of hardships in favor of the Government, which is the familiar standard for issuance of preliminary injunctions. *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *see* Fed.R.Civ.P. 65(a)(1), ("No preliminary injunction shall be issued without notice to the adverse party.")

The statute authorizes temporary restraining orders without notice or opportunity for a hearing when a complaint has not yet been filed "if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought is subject to civil forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture." 18 U.S.C. § 983(j)(3). This standard lowers the proof of likelihood of success from substantial probability to probable cause but adds the usual requirement of *ex parte* restraining orders that the applicant show that notice itself will prejudice the applicant. *See* Fed. R.Civ.P. 65(b) (application must state "the reasons supporting the claim that notice should not be required."); *see, e.g., In re Vuitton*, 606 F.2d 1, 4 (2d Cir.1979) (an *ex parte* restraining order may be appropriate where proceeding without notice is "the sole method of preserving a state of

affairs in which the court can provide effective final relief" such that "giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all"); *Adobe Sys., Inc. v. South Sun Prods., Inc.*, 187 F.R.D. 636, 641 (S.D.Cal.1999) (holding that a plaintiff seeking an *ex parte* restraining order must "present specific facts showing that the defendant it seeks to enjoin will likely conceal, destroy, or alter evidence if it receives notice of the action").

The limited burden upon the owner imposed by a temporary restraining order to preserve the status quo for a brief time may explain the lower standard of proof of likely success for temporary restraining orders only. This reduced showing would not apply literally or by analogy to an *ex parte* writ of entry, which is a major invasion of the privacy of the home. The authorization of *ex parte* relief only for temporary restraining orders reinforces the plain language of § 983(j)(1)(B) that all other § 983(j)(1) remedies may be granted before the filing of a civil forfeiture complaint only with notice and opportunity to be heard.

Section 983(j)(1)(A) also permits § 983(j)(1) remedies "upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture." What then is the significance of § 983(j)(1)(A)'s authorization of § 983(j)(1) remedies "upon the filing of a civil forfeiture complaint" without iteration of the facts to be proved, the standards of proof, and the requirement of notice stated for pre-filing § 983(j)(1) remedies in § 983(j)(1)(B)? The answer is found, as discussed above, in the seizure, arrest *in rem,* or actual notice when a complaint is filed. Thus, when any *in rem* forfeiture complaint is filed, the owner has already lost possession or soon will, or receives actual notice of the

proceeding. The omission in § 983(j)(1)(A) for post-filing § 983(j)(1) remedies of the facts to be proved, the standards of proof, and the requirement of notice stated in § 983(j)(1)(B) for pre-filing § 983(j)(1) remedies must reflect the assumption that owners will then be entitled to notice by virtue of their status as parties in the pending action itself, where usual procedural rules apply. Thus, the court does not take § 983(j)(1)(A) as silently authorizing § 983(j)(1) remedies in pending cases without observance of the usual principles of notice and the usual standards for proof of interim remedies. Since the articulated standards for pre-filing § 983(j)(1) remedies are the usual standards for pre-judgment interim remedies, those usual standards would apply to post-filing § 983(j)(1) remedies as well.

In any event, this case cannot fairly be taken as governed by § 983(j)(1)(A) for filed cases. The Government has seized nothing, given no notice, served nothing, and acknowledged its intention to keep this proceeding secret from the owners and occupants until the moment the requested writ of entry is executed. These circumstances are identical in all material ways to those where § 983(j)(1) remedies are sought "prior to the filing of such a complaint," § 983(j)(1)(B), and the Government would be estopped from saying otherwise.

██ Accordingly, a writ of entry pursuant to § 983(j)(1) in this case requires satisfaction of the following requirements:

1. Notice to the owner and opportunity to be heard;

2. Substantial probability that the United States will prevail on the issue of forfeiture;

3. Substantial probability that failure to enter the order will result in the property being destroyed, removed, or otherwise made unavailable for forfeiture;

4. A need to enter to inspect and appraise the property that outweighs the hardship on the owner.

If, contrary to the court's interpretation, § 983(j)(1)(A) does permit *ex parte* writs of entry, then the Government would have to prove the following requirement in place of the first listed above:

5. Likelihood that ·provision of notice will jeopardize the availability of the property for forfeiture.

## C. The Government's Pre–CAFRA Cases Are Unpersuasive

██ The Government's argument that probable cause to believe the property is subject to forfeiture suffices for an *ex parte* writ of entry merits little further discussion. It is unpersuasive for several reasons. First, the Government overlooks most of the current text of the statutes. Second, the Government extracts its standard from pre-CAFRA precedents, the provenance of which is suspect after the major statutory reform of 2000. That reform was driven by widespread public, judicial, and scholarly dissatisfaction with the unfairness and even the unconstitutionality of the prior forfeiture laws, so it would be strange to look to those unsatisfactory precedents to find meaning for the new statutes. H.R.Rep. No. 106–192 (1999). Third, even under the old regime there was no clear rule that an *ex parte* writ of entry could issue merely upon probable cause that the property is subject to forfeiture.

The Government relies upon *United States v. Premises Known as 5100 Whitaker Avenue, Philadelphia, Pa.,* 727 F.Supp. 920 (E.D.Pa.1989), which stated, "Before a court authorizes the search of a private dwelling, however, the allegations in the government's complaint at least should support an inference that the property is subject to forfeiture." *Id.* at 924.

The Government failed to make even that minimal showing, *id.* at 924–25, so the court had no occasion to say what more might be required. Another court applying Fourth Amendment principles has held that an inventory search requires probable cause of contraband or evidence of criminal activity, and probable cause that the house is subject to forfeiture is not dispositive. *People v. Taube,* 864 P.2d 123, 128 (Colo.1993).

## IV. APPLICATION OF STANDARDS TO THIS CASE

In this case the Government fails the first requirement that notice and opportunity for hearing be given for any writ of entry. The Government has made the second showing of a substantial probability that the United States will prevail on the issue of forfeiture. However, the Government has not shown substantial probability or even probable cause to believe that failure to allow the entry will result in the property being destroyed, removed, or otherwise made unavailable for forfeiture. The Internal Revenue Service special agent's knowledge of an unrelated incident in which an owner damaged property is no showing that these owners are likely to do the same. It is sheer speculation and wholly lacks factual basis in this case. If that is sufficient for *ex parte* entry in this case, it would suffice in all cases, for that generalized fear could always be felt. If this court errs in interpreting 18 U.S.C. § 983(j) as not permitting an *ex parte* writ of entry in the circumstances of this case, then the Government also falls short of the alternate showing of likelihood or even probable cause that provision of notice will jeopardize the availability of the property for forfeiture.

The need to inspect, inventory, and appraise the property is legitimate, but it can be achieved to some extent without entering the home. It can be served also to some extent by a temporary restraining order to do no damage. But the Government's property expectations are outweighed by the occupants' privacy interests in general, by their Fourth Amendment interests in particular, and by their interest in having an opportunity to be heard.

Finally, a pre-judgment *ex parte* writ of entry by government officers to inspect and inventory a home is a search warrant by another name. It would have to pass Fourth Amendment muster in addition to the statutory or other requirements for an *ex parte* writ of entry. Since the Government falls short on the latter requirements, the court need not resolve whether a search would violate the occupants' Fourth Amendment rights if based only on probable cause to believe that the house is forfeited.

IT IS THEREFORE ORDERED that lodged Order to Post Notice of Complaint For Forfeiture of Real Property and For Publication is denied.

IT IS FURTHER ORDERED that Motion for Writ of Entry (doc. # 2) and the Motion for Issuance of an *Ex Parte* Writ of Entry (doc. # 7–2) are denied as presented *ex parte,* with leave to resubmit a motion with notice to the owner and opportunity to be heard.

IT IS FURTHER ORDERED that the Motion for the Judicial Determination of Probable Cause (doc. # 7–1) is (1) granted in part in that the court finds probable cause and substantial probability that the defendant property is subject to forfeiture and (2) denied in part to the extent that the court finds that to be insufficient cause for issuance of an *ex parte* writ of entry.

IT IS FURTHER ORDERED that the Government shall cause this order and the previous orders in this action to be served on the property owner together with the

notice and the complaint required to be served by 18 U.S.C. § 985(c)(1)(C).