MID–AMERICA TRANSPORTATION COMPANY, INC., Appellant,

v.

NATIONAL MARINE SERVICE, INC., et al., Appellees.

No. 75–1236.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 1975.

Decided Nov. 11, 1975.

Rehearing and Rehearing En Banc Denied Dec. 3, 1975.

Certiorari Denied April 19, 1976. See 96 S.Ct. 1671.

Fritz G. Faerber, Lucas & Murphy, St. Louis, Mo., for appellant.

James W. Herron, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellees.

Before CLARK, Associate Justice,* and LAY and ROSS, Circuit Judges.

## PER CURIAM.

This admiralty case is before this court for the second time. In our original opinion we remanded to the trial court for further evidence and determination in keeping with the views expressed therein. *Mid-America Transportation Co., Inc. v. National Marine Service, Inc.,* 497 F.2d 776 (8th Cir. 1974).

No useful purpose would be served in again setting forth the facts in detail since that has already been accomplished by Judge Talbot Smith in our prior decision. *Id.* Suffice it to say that plaintiff's barge was damaged while in the tow of a tug owned by the defendant. Judge Wangelin originally found that the damage occurred during a grounding of the barge, but held that the barge owner had not proved negligence on the part of the tug since it had not proved either when or where the grounding took place.

It was conceded that if the grounding took place outside the channel or on a known obstruction in the channel that the tug owner was liable. On the other hand, if the grounding took place on an unknown object in the channel the tug owner was not to be presumed negligent. In our original opinion, we held that the fact that the barge was shown to have been damaged by grounding was sufficient to require " . . . the tug to come forward to establish that she was in the channel and did not hit a known obstruction therein *or* to furnish other exculpatory explanation . . . ." (Emphasis supplied.) *Id.* at 780. We thereupon directed

> further proceedings at which the tug will be given an opportunity (subject to rebuttal by the barge) to carry such burden. If it fails to do so, the District Court may draw an inference of fact unfavorable to it. On the other hand, if the tug does come forward with evidence sufficient to cast doubt upon the validity of the inference arising from the facts, the barge will not have sustained the burden of ultimate persuasion resting upon it from the start.

*Id.* at 780–781.

On rehearing the defendant tug owner presented the deposition testimony of one Crawford, the pilot at the time the damage occurred. He testified that as far as he knew the barge was within the channel when the damage occurred and that there was no obstruction in the channel of which he was aware. The plaintiff presented no evidence to show that at the time of the grounding the barge was outside the channel nor that there were any known obstructions in the channel in the stretch of the river where the grounding occurred. After receiving this additional evidence Judge Wangelin found that the " . . . defendants produced sufficient evidence to establish that the M/V National Progress and its tow were in channel and did not hit a known obstruction while within the channel." *Mid-America Transportation Co., Inc. v. National Marine Service, Inc.,* No. 71 A 692(3) (E.D. Mo., filed Mar. 5, 1975).

Based upon our independent review of the evidence this finding of fact is not clearly erroneous. In making such finding, Judge Wangelin clearly complied with the law of the case as hereinbefore quoted from our original opinion. The judgment of the trial court is therefore affirmed.

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.