**RIVERWAY COMPANY, Plaintiff,**

v.

**SPIVEY MARINE AND HARBOR SERVICE CO., in personam, and M/V David Ryan, in rem, Defendants.**

Civ. No. 84–3184.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Dec. 5, 1984.

Theodore J. MacDonald, Jr., St. Louis, Mo., Thompson & Mitchell, East St. Louis, Ill., for plaintiff.

Gary K. Morgan, Lucas & Murphy, St. Louis, Mo., Malcolm D. Durr, Alton, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Defendants Spivey Marine and Harbor Service Company, *in personam*, and the M/V DAVID RYAN, *in rem*, have filed a Motion to Dismiss the Complaint of Plaintiff Riverway Company. Plaintiff Riverway Company (Riverway) instituted this action seeking damages as a proximate result of defendants' negligence in causing the plaintiff's barge, while in tow of the M/V DAVID RYAN, to strike an object in the Illinois River. Spivey Marine and Harbor Service Company (Spivey) argues that Riverway alleges a bailment theory of liability and, therefore, imposes on defendants a greater duty than the law requires they bear, and, that by failing to allege the nature of the object allegedly struck, whether it was known or unknown, stationary or mobil, or its relative position in the channel, Riverway deprives defendants of the opportunity to address the issues in dispute.

■ Concerning Spivey's first contention, that Riverway attempts to impose on a tower a greater duty than the law requires it bear, it is a general rule that a tug is not a bailee of its tow. *Stevens v. The White City*, 285 U.S. 195, 200, 52 S.Ct. 347, 349, 76 L.Ed. 699 (1932); *Massman Const. Co. v. Souix City & New Orleans Barge Lines, Inc.*, 462 F.Supp. 1362 (W.D.Mo. 1979); *Bouchard Trans. Co. v. Tug Gillen Bros.*, 389 F.Supp. 77, 81 (S.D.N.Y.1975). Riverway, however, is premising defendants' liability on more than a bailment theory. Riverway specifically alleges the M/V DAVID RYAN'S unseaworthiness or Spivey's negligence were the cause of the damages to its barge. Though a tug is not a bailee of its tow, at a minimum a tug must exercise "such reasonable care and maritime skill as prudent navigators employ in the performance of similar services." *Stevens v. The White City*, 285 U.S. at 200, 52 S.Ct. at 349. *Hercules, Inc. v. Stevens Shipping Co.*, 698 F.2d 726, 737 n. 25 (5th Cir.1983); *American Bridge Div., U.S. Steel Corp. v. Roen Steamship Co.*, 328 F.2d 838 (7th Cir.1964). Specifically, a tug has the duty to know the conditions of navigation where the tug operates, such as obstructions in the water. *Humble Oil and Refining Co. v. Tug Crochet*, 422 F.2d 602, 606–07 (5th Cir.1970); *Tebbs v. Baker-Whiteley Towing Co.*, 407 F.2d 1055 (4th Cir.1969). When a tug breaches this duty, it is liable for all resulting damages to a tow caused by its negligence. Additionally, a number of courts have held that the tug owes the tow an implied duty of "workmanlike performance" which can give rise to liability even if no negligence is shown. *Fairmont Shipping Corp. v. Chevron Int'l Oil Co.*, 511 F.2d 1252 (2d Cir.), *cert. denied*, 423 U.S. 838, 96 S.Ct. 66, 46 L.Ed.2d 57 (1975); *Mid-America Trans. Co. v. Nat'l Marine Service, Inc.*, 497 F.2d 776 (8th Cir.1974), *aff'd per curiam*, 526 F.2d 629 (8th Cir.1975), *cert. denied*, 425 U.S. 937, 96 S.Ct. 1671, 48 L.Ed.2d 179 (1976).

■ On its face, Riverway's complaint alleges a valid complaint of negligence. To survive a motion to dismiss, the complaint simply must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint in this case states that Riverway's barge, while under tow by the defendant's tug, struck an object, which was known or should have been known, due to the negligence of Spivey or the unseaworthiness of the tug, which collision caused damage to the barge in tow. Accepting these allegations as true, as the Court must, it cannot be said that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Therefore, Riverway's complaint

survives Spivey's first argument in their Motion to Dismiss.

Spivey's second argument, that the complaint fails to specifically allege several factual incidents and, as a result, so deprives the defendants of the opportunity to address the issues in dispute, poses a more difficult question.

■ This admiralty and maritime claim comes before the Court under its admiralty jurisdiction pursuant to plaintiff's election under Rule 9(h) of the Federal Rules of Civil Procedure. Since the unification of admiralty and general rules of federal civil procedure in 1966, the federal rules largely govern actions in admiralty. Supplemental Rules A through F of the Federal Rules of Civil Procedure, however, preserve certain traditional maritime remedies. An action *in rem* is one remedy preserved in these rules. It may be brought "[t]o enforce any maritime lien," and need not be exclusive of any action brought *in personam* against the owner, possessor, or controller of the *res*. Supplemental Rule C(1). The creation of a maritime lien requires no judicial action; the lien is a right of the injured party which arises at the moment of the breach or tort and attaches to the *res*. *See The Bold Boccleaugh*, 7 Moo. PC 282, 13 Eng.Rep. 884 (1851); 7A Moore's Fed.Prac. ¶ C.03 (1983). Thus, a wrongful collision creates a lien on the offending vessel such that a proceeding *in rem* may be brought against the vessel. *Merchant's Nat'l Bank v. Dredge Gen'l G.L. Gillespie*, 663 F.2d 1338 (5th Cir.1981), *cert. denied*, 456 U.S. 966, 102 S.Ct. 2263, 92 L.Ed.2d 865 (1982). Riverway is similarly a holder of a maritime tort lien on the M/V DAVID RYAN. The plaintiff alleges damages resulting from defendants' negligent conduct while acting in furtherance of their mission. Accordingly, Riverway's lien immediately attaches to the M/V DAVID RYAN and permits the bringing of this action *in rem* under Supplemental Rule C(1).

■ Special procedural provisions contained in the Supplemental Rules govern the traditional maritime remedies. The general rules of federal civil procedure only apply when not inconsistent therewith. Supplemental Rule E establishes additional pleading requirements for several of the special maritime remedies including actions *in rem*. Specifically, Supplemental Rule E(2)(a) requires that "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." The defendants' second argument then turns on whether Riverway's complaint meets this heightened standard for pleading circumstances of the claim.

Despite the promulgation of the Supplemental Rules nearly two decades ago, courts and commentators have failed to expound more precisely what circumstances should be specified in an in rem complaint. The requirement imposed by Supplemental Rule E(2)(a) is usually cited in discussions which attempt to uphold the constitutionality of the special maritime remedies against due process attack. *See Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627, 639 (9th Cir.1982); *Amstar Corp. v. M/V Alexandros T.*, 431 F.Supp. 328, 334–35 (D.Md.1977).

■ The construction placed upon Rule 9(b) of the Federal Rules of Civil Procedure requiring the circumstances of an action for fraud be stated with particularity, is helpful in determining the meaning of Supplemental Rule E(2)(a). Though courts have read this rule to require that plaintiff aver all the traditional elements of fraud, *Mutual Life Ins. Co. v. Krejci*, 123 F.2d 594 (7th Cir.1941), the "circumstances" referred to are more correctly identified as matters such as time, place, the actual false statement, the identity of the perpetrator and his gain from the statement. *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51 (2d Cir.1982); *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co.*, 530 F.Supp. 279 (N.D.Ill.1982); *Shelley v. Noffsinger*, 511 F.Supp. 687 (N.D.Ill.1981).

The emphasis is on providing the defendants with information; simply stating the technical elements of fraud is not sufficient. *Hunter v. H.D. Lee Co.*, 563 F.Supp. 1006 (N.D.N.Y.1983). Therefore, whenever the complaint adequately apprises the defendant of his alleged fraudulent acts and evinces plaintiff's reasonable belief that his claim has merit, the particularity requirement is satisfied. *See Gilbert v. Bagley*, 492 F.Supp. 714 (M.D.N.C.1980).

The purposes served by the heightened particularity in pleading requirements for an *in rem* maritime claim counsel for a similar reading of Supplemental Rule E(2)(a). The complaint should state the date, time, place, nature of the damaging incident, and the alleged wrongful action. Those usual requirements are, of course, always subject to the general standard that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit. The nature of an admiralty suit *in rem* compels such a standard. An admiralty action *in rem* involves arrest and seizure of the offending vessel simply upon filing a verified complaint. Supplemental Rule C(3). The drastic measure of seizing the vessel is demanded by the nature of maritime commerce, where the plaintiff's only security for his loss may at any time up anchor and sail for friendlier waters and less convenient forums, demands this drastic measure. Seizure of the *res*, therefore, has long been a necessary element of admiralty remedies. *See Manro v. Almeida*, 23 U.S. (10 Wheat.) 473, 6 L.Ed. 369 (1825). Inland riverway tugs do not usually steam to foreign ports, but the concern to maintain the plaintiff's security within the court's jurisdiction remains. The defendants, in turn, are entitled to freedom from the threat of seizure of their livelihood upon conclusory allegations and dubious circumstances. Their fifth amendment rights protect them from arbitrary deprivation of property. Pleading specific circumstances is one part of the process which guards against the improper use of admiralty seizure proceedings. *Polar Shipping Ltd.; Amstar Corp.*

When the complaint posits sufficient facts so that the defendants may begin an investigation and prepare a responsive pleading, their interests are adequately protected. Riverway, in the instant case, meets the Supplemental Rule E(2)(a) requirements of particularity. The complaint states more than conclusory allegations or the technical pleading requirements for negligence. Riverway states the collision occurred while defendant was "down-bound on the Illinois River in the vicinity of Mile 56.0 on the Illinois Waterway," and near the Florence bridge. The date and time, October 10, 1983, at 11:30 p.m., are specified. The tug is identified, and the damages are from impact with an "object." The complaint, then, states with particularity the date, time and place of the incident, the vessels involved, as well as specific acts of negligence which are purported to have caused the collision. From this information, the defendants are given sufficient notice of the events surrounding the claim against them so that they may *begin* an *investigation* of the facts and respond to the plaintiff's charges.

Defendants argue, however, that Riverway must state, in addition, four other facts; the nature of the object allegedly struck, whether it was known or unknown, stationary or mobile, and its place in the channel. Riverway is under no such burden. In an action alleging a tug operator's negligence as the cause of a collision, evidence of the tug's knowledge of the object struck and the object's position in the channel are important evidentiary facts. Such facts may show circumstances which give rise to a presumption of negligence on the part of the tug. If so established, it is the duty of the tug to produce evidence showing it was operating in the channel and did not hit a known obstruction, or otherwise provide an explanation. *The Steamer Webb*, 81 U.S. (14 Wall.) 406, 414, 20 L.Ed. 774 (1871); *Massman Const. Co.*, 462 F.Supp. at 1367–68; *Mid-America Trans. Co.; Bisso v. Waterways Transportation Co.*, 235 F.2d 741,

744 (5th Cir.1956). The plaintiff, however, need not plead evidence. The facts which Spivey argues are necessary, and which may affirm or deny a presumption of negligence on the part of the tug, are matters for proof at trial and not pleading. Supplemental Rule E(2)(a) only requires that Riverway plead with sufficient particularity to allow Spivey to begin an investigation.

■ Also, as a general rule requirements for particularized pleadings may be relaxed as to circumstances peculiarly within the opposing party's knowledge. *See e.g. Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). In the instant case, if anyone is in a position to know the nature of the object struck, or any of the additional information desired, it is the defendants themselves whose tug crew were probably the only witnesses to any collision. Riverway is not required under Supplemental Rule E(2)(a) to state that which Spivey is well prepared to uncover upon their own investigation based on circumstances already pleaded by Riverway.

Finally, two recent admiralty cases upholding the sufficiency of their complaints for actions *in rem* are illuminating. The court in *Amstar Corp.,* sustained the sufficiency of a "simple" verified complaint which stated that cargo was loaded on board defendant's ship at one port, and that at discharge some time later, it was damaged. The allegations of the complaint were held to provide adequate notice of the nature of the claim. The Court in *Polar Shipping, Ltd.,* upheld a verified complaint against arguments that it was "wholly conclusory" as it contained a copy of the charter and pointed out the claimed violation by defendants. Although the above cases discussed the pleading requirements at Supplemental Rule E(2)(a) largely to uphold the constitutionality of the special admiralty remedies, they do tend to show that the particularity required by Supplemental Rule E(2)(a) falls far short of that argued by Spivey.

Therefore, since Riverway's complaint presents defendants with sufficient particular circumstances so that constitutional guarantees are not comprised, an investigation of the facts may be started, and a responsive pleading framed, it satisfies the requirements of Supplemental Rule E(2)(a).

Accordingly, defendant's Motion to Dismiss (Document No. 8) is hereby DENIED, and defendants are ordered to file their Answer within twenty (20) days from the date of this Order.

IT IS SO ORDERED.