**UNITED STATES of America**

v.

**PREMISES KNOWN AS 1625 S. DELAWARE AVENUE, PHILADELPHIA, PA., a Parcel of Real Property and all Appurtenances and Improvements and any and all Proceeds from the Sale of said Property.**

**Civ. A. No. 86–5977.**

United States District Court, E.D. Pennsylvania.

Feb. 25, 1987.

Michael L. Levy, Philadelphia Strike Force, Philadelphia, Pa., for plaintiff.

Robert E. Gabriell, Philadelphia, Pa., for Peter Donato.

Nino Tinari, Philadelphia, Pa., for John Renzulli.

Anthony DeFino, Philadelphia, Pa., for Michael Borelli.

## MEMORANDUM AND ORDER

DITTER, District Judge.

The government has brought this civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(6) and (7) alleging that the defendant premises "were purchased by Peter Donato with the proceeds of drug transactions" (Count I), and "have been used to commit and to facilitate the commission of the manufacturing methamphetamine" (Count II). John Renzulli and Michael Borelli, co-owners of the property, have moved to dismiss the complaint on the basis that it fails to satisfy the specific pleading requirements of Fed.R.Civ.P. E(2)(a).

Rule E(2)(a) requires that actions in rem, *see* Rule C, such as civil forfeiture proceedings, be pleaded with greater specificity than the mere notice pleading generally allowed in civil actions and provides:

In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

*See Riverway Co. v. Spivey Marine & Harbor Service Co.,* 598 F.Supp. 909, 912–914 (S.D.Ill.1984); 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶¶ E.02–.03 (2d ed. 1983); 12 C. Wright & A. Miller, *Federal Practice & Procedure* § 3242 (1973); 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1227 (1969).

In addition to enabling the defendant or claimant to begin an investigation and to frame a responsive pleading, the particularity requirement affords the opportunity to form a reasonable belief that the claim has merit, *Riverway Co. v. Spivey Marine & Marine Harbor Service Co.,* 598 F.Supp. at 913, guards against the improper use of the admiralty seizure proceedings and their drastic nature, and has been cited as a safeguard in cases upholding the constitutionality of the admiralty remedies against due process attack. *Id.* at 912–13; *United States v. $39,000 in Canadian Currency,* 801 F.2d 1210, 1217–18 (10th Cir.1986) and cases cited therein.

On one hand, the government is not required to plead facts sufficient to establish probable cause for the seizure, *United States v. Banco Cafetero International,* 608 F.Supp. 1394, 1405 (D.C.N.Y.1985), nor to plead its evidence, especially where the surrounding facts are peculiarly within the opposing party's knowledge, *Riverway Co. v. Spivey Marine & Harbor Service Co.,* 598 F.Supp. at 913–14. On the other hand, contrary to the government's argument, more than Rule 8(a) notice pleading is required and the defendant or claimant is expressly spared the burden of "moving for a more definite statement" pursuant to

Rule 12(e). While I disagree with the stringent pleading requirements imposed by the Tenth Circuit in *United States v. $39,000 in Canadian Currency,* 801 F.2d 1210, and its remedy of dismissing the action, I conclude that to avoid dismissal the government must plead facts supporting the wholly conclusory allegation that the defendant property was purchased with drug proceeds and was used to manufacture methamphetamine. *See United States v. Banco Cafetero International,* 608 F.Supp. at 1401; 7A J. Moore & A. Pelaez, *Moore's Federal Practice* ¶ E.03 at E–106. *See also Riverway Co. v. Spivey Marine Harbor Service Co.,* 598 F.Supp. at 912–13 (drawing analogy between Rule 9(b) pleading requirement in fraud actions and Rule E(2)(a)). If an amended complaint is filed, it will be deemed to relate back to the date of the original filing and, therefore, it will not be necessary to release the property from seizure.

### ORDER

AND NOW, this 25th day of February, 1987, it is hereby ordered that the motion of John Renzulli and Michael Bodelli to dismiss plaintiff's complaint be granted unless within 20 days plaintiff amends it complaint in a manner consistent with the attached memorandum.