UNITED STATES of America Plaintiff

v.

$49,000 IN UNITED STATES CURRENCY AND/OR COIN, More or Less, with all Accumulated Interest Thereon Defendant

No. CIV.A.1:00–CV–570.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 28, 2001.

Joseph Robert Batte, Assistant United States Attorney, Beaumont, TX, for Plaintiff.

Jack C. Leary, Baton Rouge, LA, for Defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is the Claimants' Motion to Dismiss Government's In Rem Forfeiture Complaint Pursuant to 12(b)(6) [Dkt. # 17] and the Government's Motion for Sanctions [Dkt. # 19], and the court having reviewed the motions and responses on file and having heard oral arguments is of the opinion that the Claimants' motion be DENIED and the Government's motion be GRANTED.

The Government originally filed its Verified Complaint for Forfeiture on August 18, 2000, under 21 U.S.C. § 881(a)(6) against $49,000 in United States currency, which was seized from Dequilla Wayne White on March 1, 2000, in Beaumont, Texas. The affidavit of Billy Permenter, a Task Force Agent with the Beaumont Drug Enforcement Administration, was attached to the Complaint and was incorporated by reference into the Complaint. It provides substantial details reciting the facts of the traffic stop and the subsequent conversations and actions, the discovery of the money and other items during the consent search, the reaction of the drug dog, and other elements tending to show probable cause for the Complaint. On the basis of the Complaint, incorporating the affidavit, Magistrate Judge Radford issued an Order for Warrant of Arrest of Property, for Entry, and for Public Notice on August 22, 2000, under 21 U.S.C. § 881 and in accordance with Rule E(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims as required under § 881.

Claimants Michael Jackson and Dana W. White claim ownership of $40,000.00 and $9,000.00, respectively, and each deny that the funds were involved in any drug activity. Dana White claims he gave $9,000.00 to Dequilla White for the purchase of real estate. Jackson does not say why Dequilla White had $40,000.00 of his money but claims that he is the rightful owner and had no knowledge of any unlawful purpose intended by Dequilla White. Dana White's claim was filed September 28, 2000, and Michael Jackson's claim was filed October 13, 2000.

The Government served its Disclosure on the Claimants in October. Claimants

have still never filed a Disclosure. The Government served Interrogatories and Requests for Production on December 12, 2000. After months of back-and-forth phone calls and letters exchanged with Claimants' attorney, Jack C. Leary of Baton Rouge, LA, there has still been no Disclosure filed by either Claimant and each Claimant has provided only partial or cursory answers to the Interrogatories and Requests for Production.

The Government moved to compel Claimants' Disclosures and full and complete responses to the Interrogatories and Requests for Production. The court granted the motion and the Order was entered on May 24, 2001. The Order required the Claimants to provide such responses within ten calendar days of that date.

### Claimants' Motion to Dismiss

On July 2, 2001, the Claimants entered their motion to dismiss the *in rem* forfeiture complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim on the basis that (a) the original traffic stop during which the $49,000.00 was discovered did not meet the probable cause standard of 19 U.S.C. § 1615 and (b) the Government's complaint was not pleaded with sufficient particularity under the standard imposed by Rule E(2)(a) of the Supplemental Admiralty Rules.

Typically, a complaint need not set forth all relevant facts or law and all that is required is a short and plain statement showing that the party is entitled to relief. FED. R. CIV. P. 8(a). At the time the Government filed this Complaint, forfeiture complaints were governed by Supplemental Admiralty Rule E(2)(a), which imposes a heightened standard of pleading on the Government. *United States v. Property at 4492 S. Lavonia Road*, 889 F.2d 1258, 1266 (2nd Cir.1989). Specifically, Rule E(2)(a) requires that the complaint "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation into the facts and to frame a responsive pleading."

■ The present case is only at the pleading stage, and therefore the Government is not yet required to prove that probable cause exists, but rather the Government need only meet the pleading requirements of the Federal Rules of Civil Procedure and Rule E(2)(a) of the Supplemental Admiralty Rules to survive a motion to dismiss. *United States v. Funds in the Amount of $29,266*, 96 F.Supp.2d 806, 809 (N.D.Ill.2000). This is not to say that probable cause is unimportant in a forfeiture action, but only that "[i]t is in the context of a trial or summary judgment motions that the government must make this showing of probable cause." *United States v. $19,120 in United States Currency*, 700 F.Supp. 33, 34–35 (N.D.Ga.1987). The heightened pleading requirements in a section 881 forfeiture case necessitate the plaintiff adding more detail to its complaint than would ordinarily be required under the federal rules, not that the plaintiff must actually prove the existence of a particular element. *United States v. Real Property Located at 2323 Charms Rd., Milford Tp., Oakland County, Mich.*, 946 F.2d 437, 441 (6th Cir.1991); *United States v. Premises Known as 1625 S. Delaware Ave.*, 661 F.Supp. 161, 162–63 (E.D.Pa. 1987)

■ Here, at the pleading stage of this litigation, the Government has met its burden. Agent Permenter's twelve-page affidavit is based on his personal experience in seventeen years' police work including eight with the Drug Task Force; the detailed reports of the officers who conducted the traffic stop and consent search; the condition of the $49,000.00; the note in

White's shoe bearing drug-related accounting data and symbols; the presence of the gun in White's truck, even if lawfully owned by White's passenger; the conflicting and changing stories told by the two; and the fact that a narcotics dog alerted on the rolled-up $49,000.00 after the dog's handler hid it behind a tire that the dog had previously sniffed and not alerted on. With this information, the Government's Complaint provides a sufficient factual background for the Claimants to answer the Complaint and begin their own investigation without a motion for more definite statement. In fact, both Claimants answered the Complaint. One made a general denial and the other included some arguments beyond a general denial, and to date, neither Claimant has moved for a more definite statement. Furthermore, Magistrate Judge Radford found the Complaint and the attached affidavit sufficient to issue his Warrant. Apparently, the Government's pleadings were sufficient to allow the Claimants to commence an investigation into the facts and to frame a responsive pleading.

Since a motion to dismiss pursuant to Rule 12(b)(6) is intended to test the sufficiency of the complaint, and not its merit, *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219–220 (5th Cir.1998) (quoting 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1356 (2d ed.1990)), the Claimants' Motion to Dismiss is DENIED.

### Government's Motion for Sanctions

The Government filed motions to compel disclosure and to compel answers to interrogatories and responses to requests for production on April 13, 2001. The court issued an Order granting the motions on May 24, 2001, and directing the Claimants' to comply within ten calendar days of that date.

Claimants did not do so. On June 20, the Government sent a letter to Claimants' counsel, Jack C. Leary, notifying counsel that his clients were not in compliance with the Order and that if they did not comply by June 29, the Government would request sanctions be imposed by the Court. No duty obligated the Government to send such a letter to Claimants' counsel. June 29th passed without word from the Claimants. On July 2, 2001, as the assistant-U.S. attorney was preparing his motion for sanctions, he received a hand-delivered package from Mr. Leary. It contained copies of the Claimants' motion to dismiss the *in rem* forfeiture, addressed above, bundled with four sets of documents styled "supplemental answers" to interrogatories and to production of documents on behalf of Claimant Dana W. White and Claimant Michael A. Jackson. However, the answers for Dana White reflected that Mr. White had provided no additional information or materials and Mr. Jackson's answer were incomplete as some documents and financial statements were provided, but other line items . of discovery requests which were directed to be answered in the court's Order were answered to the effect that "the original answer was sufficient to satisfy discovery."

In any case, neither individual provided any answer or acknowledgment of the Order until approximately thirty days after the deadline directed by the court. Further, they did not communicate any problem they had encountered to the court nor request an extension of time. The Government now moves to impose sanctions under FED. R. CIV. P. 37(b)(2), which permits such sanctions as the court may direct for failure to comply with a discovery Order. Specifically, the Government has asked this court to strike the Claimants' claims and to enter a default judgment. Rule 37(b)(2)(C) authorizes a district court to "strik[e] out pleadings . . . or render[ ] a judgment by default" when "a party . . . fails to obey an order to provide

or permit discovery." The Fifth Circuit has stated: "Judgment by default, although a harsh sanction, is one contemplated by the Rule." *Sciambra v. Graham News Co.*, 841 F.2d 651, 655 (5th Cir.1988).

■ Here, the Claimants were directed to respond fully to the Government's interrogatories and requests for production within ten calendar days of May 24. They did not do so. The assistant-U.S. attorney sent a follow-up letter on June 20, which he was not required to do. Neither Claimants nor their counsel responded. The package of "supplemental answers" to the Government's requests for discovery was delivered concurrently with the Claimants' motion to dismiss the forfeiture action on July 2. The "answers" it provided were incomplete in Jackson's case and missing entirely in Dana White's case. On those bases, they failed to comply with the Court's May 24th Order in terms of time (in excess of thirty days without communication to the Government or the Court) and in terms of completeness. The Claimants' dilatory actions demonstrated by their lengthy delays and their obstructive behavior as exemplified by their evasive and incomplete responses constitute bad faith on their part, and as such, the Government's Motion for Sanctions is GRANTED. It is, therefore,

ORDERED, that the Claimants' Motion to Dismiss Government's In Rem Forfeiture Complaint Pursuant to 12(b)(6) is hereby DENIED and the Government's Motion for Sanctions is hereby GRANTED.