PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

LOLITA MONDRAGON,
                    *Claimant-Appellant,*                    No. 01-2434

and

$500,684 IN U.S. CURRENCY,
                    *Defendant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-00-3531-MJG)

Argued: September 24, 2002

Decided: December 13, 2002

Before MICHAEL, Circuit Judge, HAMILTON,
Senior Circuit Judge, and Claude M. HILTON,
Chief United States District Judge for the
Eastern District of Virginia,
sitting by designation.

Affirmed by published opinion. Judge Michael wrote the opinion, in
which Senior Judge Hamilton and Chief Judge Hilton joined.

## COUNSEL

**ARGUED:** Bruce Wallace Simon, Kansas City, Missouri, for Appel-
lant. Richard Charles Kay, Assistant United States Attorney, Balti-

more, Maryland, for Appellee. **ON BRIEF:** Joseph S. Lyons, Towson, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Baltimore, Maryland, for Appellee.

---

## OPINION

MICHAEL, Circuit Judge:

The claimant in this civil forfeiture case appeals an order denying her motion to strike the government's complaint for failing to meet the particularity in pleading requirement of Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims (the Supplemental Rules). We affirm.

### I.

On February 19, 2000, Sergeant Paul Quill of the Maryland State Police stopped a Lincoln Town Car with Kansas tags as it was traveling west on Interstate 70 near Frederick. Sergeant Quill made the stop after he saw the Lincoln dart across two lanes of traffic without a signal. The driver identified herself as Lolita Mondragon and handed over a Kansas driver's license. Sergeant Quill ran a check and discovered that Mondragon's license had been revoked. Mondragon then gave verbal and written consent to allow the sergeant to search the car. In the course of the search Sergeant Quill discovered, behind the back seat, a hidden compartment with electronic spring locks. According to the sergeant, the installation job was of professional quality. He had seen many such secret compartments and knew they were routinely used by drug traffickers to transport large quantities of drugs as well as the cash proceeds from drug transactions. Inside this compartment Sergeant Quill found nearly $500,000 in cash, sealed in fifteen plastic bags. A drug detection dog from the Frederick police department gave a positive alert to the back seat area of the car. Mondragon was arrested for driving on a revoked license. Her purse was then searched, and an additional $5,900 in cash was found. Sergeant Quill issued a traffic citation to Mondragon, and she was released. The currency, which had been seized, was turned over to the U.S. Customs Service. Mondragon filed an administrative claim to the money.

On November 30, 2000, the government filed a verified complaint in the District of Maryland, seeking forfeiture of the currency on the ground that it was the proceeds of drug trafficking, *see* 21 U.S.C. § 841(a)(1), and was involved in a money laundering transaction, *see* 18 U.S.C. § 1956(a)(1)(A)(i). (The government did not pursue the money laundering allegation.) The complaint incorporated a joint affidavit, executed by Sergeant Quill and a U.S. Customs Agent, setting forth the facts recounted above. Mondragon, as claimant, filed a motion to strike the complaint, arguing that it failed to state the grounds for forfeiture with the particularity required by Rule E(2)(a) of the Supplemental Rules. The district court denied the motion. Mondragon then filed an answer to the complaint, stating that she was without knowledge or information sufficient to form a belief as to the truth of the charging allegations. After deposing Mondragon, the government made a motion for summary judgment that was not opposed. The district court granted this motion and entered a final order of forfeiture. Mondragon appeals, contesting only the district court's order denying her motion to strike the complaint. Whether the complaint, including the incorporated affidavit, satisfies the particularity requirement of Rule E(2)(a) is a legal question that we review de novo. *United States v. United States Currency, in the Amount of $150,660*, 980 F.2d 1200, 1204 (8th Cir. 1992).

II.

A.

A civil forfeiture complaint against property allegedly connected to drug trafficking must meet the particularity in pleading requirement of Supplemental Rule E(2)(a). *See* 21 U.S.C. § 881(b), (d); *United States v. One Parcel of Real Property*, 921 F.2d 370, 373-74 (1st Cir. 1990). Rule E(2)(a) requires the complaint to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Mondragon argues that the government's complaint lacks the factual detail necessary to satisfy Rule E(2)(a).

Our court has not discussed the particularity requirement of Rule E(2)(a). The leading case on the subject is *Riverway Co. v. Spivey*

*Marine and Harbor Service Co.*, 598 F. Supp. 909 (S.D. Ill. 1984), an *in rem* proceeding against a tugboat. The court in *Riverway* said that vessel owners "are entitled to freedom from the threat of seizure of their livelihood upon conclusory allegations and dubious circumstances." *Id.* at 913. Rule E(2)(a)'s requirement for "[p]leading specific circumstances is one part of the process which guards against the improper use of admiralty seizure proceedings." *Id.* Thus, the rule's "heightened particularity in pleading requirement[ ]" is "always subject to the general standard that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit." *Id.*

Several circuit courts have interpreted Rule E(2)(a) in evaluating government complaints for the civil forfeiture of property allegedly connected to illegal activity. Almost all of these courts adopt a form of *Riverway*'s "reasonable belief that the claim has merit" standard. They begin their analysis by saying that Rule E(2)(a) requires a complaint to allege sufficient facts to support a reasonable belief that the property is subject to forfeiture. *See United States v. $38,000 in United States Currency*, 816 F.2d 1538, 1548 (11th Cir. 1987); *United States v. Pole No. 3172*, 852 F.2d 636, 638 (1st Cir. 1988); *United States v. 2323 Charms Rd.*, 946 F.2d 437, 441 (6th Cir. 1991); *United States Currency, in the Amount of $150,660*, 980 F.2d at 1204-05. These courts go on to hold more specifically that the complaint must allege sufficient facts to support a reasonable belief that the government can demonstrate probable cause for forfeiture at trial. *$38,000 in United States Currency*, 816 F.2d at 1548; *Pole No. 3172*, 852 F.2d at 640; *2323 Charms Rd.*, 946 F.2d at 441; *United States Currency, in the Amount of $150,600*, 980 F.2d at 1205; *see also United States v. Daccarett*, 6 F.3d 37, 47 (2d Cir. 1993).

The pleading requirement of a "reasonable belief that probable cause can be shown at trial" was apparently keyed to the government's burden of proof at the time (prior to 2000) these cases were decided. *See Daccarett*, 6 F.3d at 47. Before Congress enacted the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), Pub. L. No. 106-185, 114 Stat. 202, 205, the government's trial burden was to show probable cause for forfeiture; the burden of proof then shifted to the claimant. *See United States v. Leak*, 123 F.3d 787, 792 (4th Cir. 1997); 19 U.S.C. § 1615 (superceded by 18 U.S.C. § 938(c)(1)). Now,

after CAFRA's enactment, the government must prove by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

In light of CAFRA's change in the burden of proof, it is a bit awkward to say now that Rule E(2)(a) requires the complaint to allege facts sufficient to support a reasonable belief that the government can establish probable cause for forfeiture at trial. We therefore decline to adopt this interpretation of Rule E(2)(a). A useful point survives the pre-CAFRA opinions, however. As we have said, most of these opinions begin by recognizing the general standard that a complaint under Rule E(2)(a) must allege sufficient facts to support a reasonable belief that the property is subject to forfeiture. We, too, adopt this general standard.

There is a more basic point, however. Rule E(2)(a) needs little interpretation. It is plainly written and "means precisely what it says." *$38,000 in United States Currency*, 816 F.2d at 1548. Again, the rule says, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Supplemental Rule E(2)(a). We will evaluate the government's complaint in light of the language of the rule, keeping in mind that the complaint must at bottom allege facts sufficient to support a reasonable belief that the property is subject to forfeiture.

B.

Because Rule E(2)(a) requires the complaint to "state the circumstances from which the claim arises," we begin with the bare bones of the government's claim. The government alleged that the currency seized from the car driven by Mondragon was the proceeds of drug trafficking and should be forfeited under 18 U.S.C. § 981. The basic question raised by Mondragon is whether the complaint stated the circumstances giving rise to this claim with "such particularity" that she could, without more information, "commence an investigation of the facts" and "frame a responsive pleading."

Mondragon cannot deny that the complaint provides a number of the elemental circumstances underlying the government's claim.

Mondragon was present when the currency was seized. Thus, from the facts alleged in the complaint, which Mondragon also witnessed, she was informed of (1) what currency was seized, (2) how it was packaged, (3) when it was seized, (4) where it was seized, and (5) by whom it was seized. While these facts would be important to any investigation Mondragon might have begun, they do not, by themselves, show a sufficient connection between the currency and drug trafficking to satisfy the pleading requirement of Rule E(2)(a). The government argues that certain additional facts are sufficiently particular to satisfy the rule. These are (1) the large sum of currency in unusual packaging, (2) the hidden compartment where it was stored, and (3) the drug dog alert in the area of the car near the hidden compartment. With these facts added, we agree that the complaint satisfies the particularity requirement.

The complaint alleges that Sergeant Quill, in his search of the car driven by Mondragon, found nearly one-half million dollars sealed in fifteen plastic bags. The presence of that much cash, oddly packaged, could raise a suspicion that someone was up to no good, but without more it does not suggest a connection to drug trafficking. There is more, of course. The complaint alleges that Sergeant Quill found the money hidden in a professionally constructed secret compartment behind the back seat of the car. The sergeant, according to the complaint, was experienced in drug investigations and knew that these hidden compartments were routinely used by drug traffickers to transport both drugs and cash proceeds. Finally, the complaint alleges that the drug dog alerted to the back seat area of the car, signaling the scent of illegal drug residue. Mondragon argues that the dog sniff had no value because a high percentage of U.S. paper currency is contaminated with drug residue. *See, e.g.*, *United States v. $10,700 in United States Currency*, 158 F.3d 215, 229-30 (3d Cir. 2001). According to Mondragon, the dog could have been alerting to contaminated currency, but the alert did not mean that the currency in the secret compartment came straight from a drug deal. As an attack on the complaint in this case, the argument falls short. The dog did not alert directly on the sealed plastic bags of currency, but rather on the back seat area of the car. Thus, when the complaint was drafted, the nature of the dog's alert, *coupled with the rest of the circumstances*, supported a reasonable belief that drugs had been transported in the car,

probably in the secret compartment, and that the currency found in the compartment was linked to drug trafficking.

In sum, the complaint's factual allegations, which we have just discussed, permit a reasonable belief for pleading purposes that the currency was the proceeds of drug trafficking and was therefore subject to forfeiture. The complaint states the circumstances giving rise to the forfeiture claim with sufficient particularity that Mondragon could have commenced a meaningful investigation of the facts and drafted a responsive pleading. Rule E(2)(a)'s particularity requirement was therefore satisfied.*

The district court properly denied Mondragon's motion to strike the complaint. The order is affirmed.

*AFFIRMED*

---

*The government also argues that Rule E(2)(a)'s particularity requirement is satisfied because a magistrate judge, relying on the affidavit that was later incorporated into the complaint, found probable cause to issue a warrant for the seizure of the currency. Although the magistrate judge's probable cause determination has not been challenged, we do not rely on it. Whether there is probable cause for a seizure warrant and whether a complaint meets the particularity requirement of Rule E(2)(a) are separate issues. The determination of one issue is not a substitute for the determination of the other.